### REGAL DRUG CORPORATION v. WARDELL, Internal Revenue Collector.

(Circuit Court of Appeals, Ninth Circuit. May 2, 1921.)

No. 3536.

Internal revenue ☞28—Suit to enjoin collection of taxes assessed on withdrawal of liquors from bond cannot be maintained, even if in nature of penalty.

If, under Const. Amend. 18, National Prohibition Act, tit. 2, §§ 3 and 35, and Act Feb. 24, 1919, §§ 600(a) and 611 (Comp. St. Ann. Supp. 1919, §§ 5986e, 6110g), so-called taxes and assessments levied by the Commissioner of Internal Revenue on one withdrawing liquors from bond, on the theory that it was guilty of violations of the statute, were in the nature of penalties, a suit to restrain their collection was nevertheless not maintainable, in view of Rev. St. § 3224 (Comp. St. § 5947), prohibiting suits

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

to restrain the assessment or collection of any tax; there being a remedy at law under sections 3220 and 3226 (sections 5944, 5949), providing for refunds, and for appeals to the Commissioner, and for suit to recover the tax after such appeal.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California, Second Division; William H. Sawtelle, Judge.

·Suit by the Regal Drug Corporation against Justus S. Wardell, United States Collector of Internal Revenue for the First District of California. From a decree dismissing the bill, plaintiff appeals. Affirmed.

John W. Preston and Robert Duncan, both of San Francisco, Cal., for appellant.

Frank M. Silva, U. S. Atty., and E. M. Leonard, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

MORROW, Circuit Judge. This is an appeal from the decree of the District Court dismissing a bill in equity filed by the Regal Drug Corporation, of San Francisco, Cal., against Justus S. Wardell, collector of internal revenue of the First district of California, to enjoin the collection of certain taxes and penalties assessed against the plaintiff by the Commissioner of Internal Revenue under the provisions of section 35 of title 2 of the National Prohibition Act (41 Stat. 305, 317). The bill was dismissed by the District Court pursuant to the prohibition contained in section 3224 of the Revised Statutes (Comp. St. § 5947), providing that:

"No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

It is alleged in plaintiff's amended complaint that the appellant is a California corporation having a large drug store at 1110 Market street, San Francisco, and has been engaged in the business of selling drugs at said location and maintaining on said premises a large stock of drugs, medicines, and sundries, other than intoxicating liquors; that said stock was worth about the sum of $15,000; that on the 28th of October, 1919, plaintiff was the holder of a permit authorizing the plaintiff to sell intoxicating liquors and distilled spirits for nonbeverage purposes; that said permit was issued to the plaintiff by the proper officials of the government in accordance with the provisions of the National Prohibition Act; ·that plaintiff continued to be the holder of said permit until some time in the month of June, 1920, and during that time said permit was in full force and effect; that during the time plaintiff was the holder of such permit he purchased and withdrew from bonded warehouses under the supervision of officials of the United States government distilled spirits to the amount of about 17,900 gallons; that during such time he also purchased and withdrew from such bonded warehouses sweet wines containing not over 21 per cent. of alcohol, amounting to about 450 gallons, and during such time plaintiff purchased dry wines containing not over 14 per cent. of alco-

hol, amounting to about 20 gallons; that all taxes and assessments against said distilled spirits, intoxicating liquors, sweet and dry wines, which were levied and could be levied thereon by the United States government in every form, were fully paid by the plaintiff in advance; that during said time, and when said permit was in full force and effect, said plaintiff disposed of all of said distilled spirits, intoxicating liquors, sweet and dry wines, and the same were sold and disposed of by said plaintiff under said permit, and under and in accordance with the provisions of the National Prohibition Act; that plaintiff, upon receiving said permit, caused to be filed with the proper United States authorities in accordance with law a bond in the sum of $100,000 in the form required by said law, respecting the sale or use of distilled spirits, intoxicating liquors, and wines for other than beverage purposes, and the said bond is still in full force and effect, and the surety on said bond is fully able to respond to the full amount thereof; that on or about the month of June, 1920, the Commissioner of Internal Revenue arbitrarily levied against said plaintiff a so-called assessment or tax at the rate of $6.40 per gallon, amounting to $115,092.50, upon the distilled spirits which had been withdrawn by said plaintiff from said bonded warehouses between the 20th of October, 1919, and the time when the permit of said plaintiff to sell and dispose of said distilled spirits was revoked in June, 1920; that said Commissioner also arbitrarily levied a so-called tax or assessment against the plaintiff at the rate of 40 cents per gallon on all sweet wines purchased and disposed of by plaintiff during such time, amounting to $153.80; that said Commissioner also levied against the plaintiff a so-called tax or assessment on all dry wines purchased and disposed of by plaintiff at the rate of 16 cents per gallon, amounting to the sum of $3.20; that none of said levies were either taxes or assessments, but were in fact fines and penalties attempted to be imposed on plaintiff; that the plaintiff had already paid taxes on all of said articles amounting to the sum of $39,656.89; that the Commissioner of Internal Revenue claimed and claims that there was due from plaintiff a further sum of $75,592.61 as a so-called tax or assessment on such distilled spirits, intoxicating liquors, and wines, over and above the amount already paid by the plaintiff; that said Commissioner of Internal Revenue also levied against plaintiff a penalty in the sum of $500 for retailing and selling distilled spirits, intoxicating liquors, and wines in violation of the law, and also levied against plaintiff a penalty in the sum of $93.75 for having conducted the business of a rectifier, and also levied against plaintiff a penalty in the sum of $1,000 for having manufactured distilled spirits or intoxicating liquor in violation of law; that all taxes and assessments which could be properly levied upon all of said distilled spirits, intoxicating liquors, and wines had been and were fully paid at the time the same were purchased and withdrawn by plaintiff from bonded warehouses; that prior to the levy of said so-called taxes, assessments, and penalties all of the said distilled spirits, intoxicating liquors, and wines had been sold and disposed of by plaintiff; that the said Commissioner of Internal Revenue did not, nor did his assistants, deputies, or agents, hold or conduct any hearing in regard to the matter, or give

any notice thereof to plaintiff or to its officers or agents in regard thereto, or that the same was proposed to be levied or assessed against the plaintiff; that on the 19th day of July, 1920, the collector of internal revenue took possession of plaintiff's drug store, and of the entire stock of drugs and goods therein, and was proceeding to and threatening to sell the same to satisfy the claim for the so-called taxes, assessments, and penalties; that plaintiff has established a good business and trade at his said store, and unless the collector of internal revenue is restrained and enjoined from remaining in possession of said stock the business of plaintiff will be entirely ruined and the good will of said business entirely destroyed, and that the damage done to plaintiff thereby will be irreparable.

The defendant interposed a motion to dismiss the complaint on the ground that it did not state facts sufficient to entitle plaintiff to any relief and that plaintiff had a plain, speedy, and adequate remedy at law. The court granted the motion on the ground that section 3224 of the Revised Statutes provided that:

"No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court"

—and the government had provided a complete system of corrective justice in regard to all taxes imposed by the government founded upon the idea of appeals within the executive departments.

Section 600 (a) of the Act to "provide revenue, and for other purposes," approved February 24, 1919 (40 Stat. 1057, 1105 [Comp. St. Ann. Supp. 1919, § 5986e]), provides:

"That there shall be levied and collected on all distilled spirits now in bond or that have been or that may be hereafter produced in or imported into the United States, except such distilled spirits as are subject to the tax provided in section 604, in lieu of the internal revenue taxes now imposed thereon by law, a tax of $2.20 (or, if withdrawn for beverage purposes or for use in the manufacture or production of any article used or intended for use as a beverage, a tax of $6.40) on each proof gallon, or wine gallon when below proof, and a proportionate tax at a like rate on all fractional parts of such proof or wine gallon, to be paid by the distiller or importer when withdrawn, and collected under the provisions of existing law."

Section 611 of the act (section 6110g) provides:

"That upon all still wines * * * which on the day after the passage of this act [February 25, 1919] are on any winery premises or other bonded premises or in transit thereto or at any custom house, there shall be levied, collected, and paid, in lieu of the internal revenue taxes now imposed thereon by law, taxes at rates as follows, when sold, or removed for consumption or sale: On wines containing not more than 14 per centum of absolute alcohol, 16 cents per wine gallon, the per centum of alcohol taxable under this section to be reckoned by volume and not by weight; on wines containing more than 14 per centum and not exceeding 21 per centum of absolute alcohol, 40 cents per wine gallon."

Section 35 of title 2 of the act (41 Stat. 317) provides:

"All provisions of law that are inconsistent with this act are repealed only to the extent of such inconsistency and the regulations herein provided for the manufacture or traffic in intoxicating liquor shall be construed as in addition to existing laws. This act shall not relieve any one from paying any taxes or other charges imposed upon the manufacture or traffic in such liquor.

No liquor revenue stamps or tax receipts for any illegal manufacture or sale shall be issued in advance, but upon evidence of such illegal manufacture or sale a tax shall be assessed against, and collected from, the person responsible for such illegal manufacture or sale in double the amount now provided by law, with an additional penalty of $500 on retail dealers and $1,000 on manufacturers. The payment of such tax or penalty shall give no right to engage in the manufacture or sale of such liquor, or relieve anyone from criminal liability, nor shall this Act relieve any person from any liability, civil, or criminal, heretofore or hereafter incurred under existing laws."

The National Prohibition Act took effect and was in force from and after the date when the Eighteenth Amendment to the Constitution took effect. 41 Stat. 307–322. The amendment was ratified January 28, 1919, and took effect January 29, 1920. It provided that:

"After one year from the ratification of this article the manufacture, sale, or transportation of intoxicating liquors within, the importation thereof into, or the exportation thereof from the United States and all territories subject to the jurisdiction thereof for beverage purposes is hereby prohibited."

Section 3 of title 2 of the National Prohibition Act (41 Stat. 307, 308) provides:

"No person shall on or after the date when the Eighteenth Amendment to the Constitution of the United States goes into effect, manufacture, sell, barter, transport, import, export, deliver, furnish or possess any intoxicating liquor except as authorized in this act, and all the provisions of this act shall be liberally construed to the end that the use of intoxicating liquor as a beverage may be prevented."

This act was in full force and effect when the Commissioner of Internal Revenue levied the tax, the collection of which the plaintiff seeks to enjoin by this action. The appellant states the question in controversy as follows:

"Where a person has legally withdrawn intoxicating liquor from a bonded warehouse for nonbeverage purposes, and at the time of withdrawal has paid all taxes thereon, and has then sold such liquor, has the Commissioner or collector of internal revenue any power or warrant, under section 35, title 2, of the National Prohibition Act, after said liquor has been sold and said Commissioner and collector of internal revenue surmises that some of said liquor has been sold for beverage purposes in violation of law, to levy, assess, or collect from such person a further sum under the guise of a tax, as though the liquor had been withdrawn in the first instance for beverage purposes?

"Another question to be determined is: Can such Commissioner or collector proceed to levy and collect from such person a $500 penalty for selling liquor in violation of law, and a further penalty in the sum of $1,000 for manufacturing in violation of law, and a further penalty in the sum of $93.75 for rectifying in violation of law, and can they do all these things without any hearing granted to that person?"

The appellant adds:

"All of the facts involved here took place after the National Prohibition Act was enacted, which was on October 28, 1919. At that time and since, complete prohibition of the sale of intoxicating liquor for beverage purposes has been in effect."

The appellant contends that, as the Eighteenth Amendment and the statute passed for its enforcement prohibits absolutely the manufacture and sale of intoxicating liquors and wines for beverage purposes, the provisions of the prior law inconsistent with the constitutional en-

actment and the enforcing statute have been repealed, and there can be no tax assessed or imposed on such liquors and wines; in other words, there can be no legal tax, so it is contended, upon that which cannot be legally manufactured or sold, and that if manufactured or sold illegally, the liability of the offender is for a, penalty, and not for a tax, and if it is for a penalty its collection must be enforced by proceedings in court and not by the summary proceedings of an assessment. Conceding that the tax is in the nature of a penalty, it does not follow that its collection can be restrained by a suit in equity, if there is a speedy and adequate remedy at law. That there is such a remedy at law cannot be seriously controverted.

Section 3220 of the Revised Statutes (Comp. St. § 5944) provides:

"The Commissioner of Internal Revenue, subject to regulations prescribed by the Secretary of the Treasury, is authorized, on appeal to him made, to remit, refund, and pay back all taxes erroneously or illegally assessed or collected, all penalties collected without authority, and all taxes that appear to be unjustly assessed or excessive in amount, or in any manner wrongfully collected."

Section 3226 (section 5949) provides:

"No suit shall be maintained in any court for the recovery of any internal tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until appeal shall have been duly made to the Commissioner of Internal Revenue, according to the provisions of law in that regard, and the regulations of the Secretary of the Treasury established in pursuance thereof, and a decision of the Commissioner has been had therein: Provided that if such decision is delayed more than six months from the date of such appeal, then the said suit may be brought, without first having a decision of the Commissioner at any time within the period limited in the next section."

It does not appear from the amended bill of complaint, nor is it otherwise claimed, that the plaintiff has appealed to the Commissioner of Internal Revenue for the abatement of the tax assessed against him in this case. That this suit cannot be maintained has been conclusively determined by the Supreme Court of the United States in Cheatham v. United States, 92 U. S. 85–88, 23 L. Ed. 561, State Railroad Tax Cases, 92 U. S. 576–613, 23 L. Ed. 663, and Dodge v. Osborn, 240 U. S. 118. 36 Sup. Ct. 275, 60 L. Ed. 557. In the latter case, the Supreme Court, quoting from Snyder v. Marks, 109 U. S. 189, 193, 194, 3 Sup. Ct. 157, 160 (27 L. Ed. 901), says:

"The inhibition of Rev. Stat. § 3224, applies to all assessments of taxes, made under color of their offices, by internal revenue officers charged with general jurisdiction of the subject of assessing taxes against tobacco manufacturers. The remedy of a suit to recover back the tax after it is paid is provided by statute, and a suit to restrain its collection is forbidden. The remedy so given is exclusive, and no other remedy can be substituted for it. * * * Cheatham v. United States, 92 U. S. 85, 88. And again in State Railroad Tax Cases, 92 U. S. 575, 613, it was said by this court, that the system prescribed by the United States in regard to both customs duties and internal revenue taxes, of stringent measures, not judicial, to collect them, with appeals to specified tribunals, and suits to recover back moneys illegally exacted was a system of corrective justice intended to be complete, and enacted under the right belonging to the government to prescribe the conditions on which it would subject itself to the judgment of the courts in the collection

of its revenues. In the exercise of that right, it declares, by section 3224, that its officers shall not be enjoined from collecting a tax claimed to have been unjustly assessed, when those officers, in the course of general jurisdiction over the subject-matter in question, have made the assignment [assessment] and claim that it is valid."

The judgment of the District Court is affirmed.