No argument was made in the case.
The act "to suspend executions for a limited time" was brought under the judgment of this Court in consequence of an application on the part of the debtor to obtain the benefit of the stay.
The application was rejected on the principle that the act in allowing such stay impaired the obligation of contracts, and thereby violated the Constitution of the United States.
It was not intended by Jones v. Crittenden, ante, 55, to anticipate any legal consequences which might appertain to those cases where the *Page 241 
suspension had already been effected, further than to declare that it must thenceforth cease to operate, and that execution might promptly issue.
As the spirit of that decision was protective of the right of creditors, so now, when we are called upon to consider its operation (312) and effect, we are of opinion that it left them in the unimpaired possession of those added cautions and securities of their claims which their debtors had voluntarily imparted to them. For the idea must be borne in mind that on the part of the debtors there was no compulsion; they spontaneously did whatever was necessary to obtain the benefit of the act. Many did omit, and all might have omitted, to ask any indulgence under it. On the part of the creditor it was all compulsion; for whether he approved or not, a compliance with the terms of the act would place the debt beyond the reach of legal process for a shorter or longer period.
A law may be constitutional and valid in some points, and in others not so; and as the only reason why any part of the suspension act was deemed void was because it impaired the obligation of contracts, it follows that such parts of the act as do not lead to that consequence must be effectual.
It is only by discriminative constructions of this sort that we can avoid the most palpable legal absurdity, blended with the grossest injustice.
It would appear extremely paradoxical to lay down the position in the abstract that the obligation of contracts may be impaired by a law which has been declared unconstitutional by the judiciary, and so declared because it did impair the obligation of contracts. Yet nothing is more easily demonstrated than that such consequences may, and probably will, ensue if the executions in these cases are set aside and the securities discharged.
A sheriff had in his hands an execution against a person who was able to pay the debt, but who before the levy gave the necessary bond and obtained the stay; he afterwards becomes insolvent, and the bond given by him and his securities is declared void, because taken under an unconstitutional law. In such case that very law operates to deprive the creditor of his debt. And the case is yet stronger where a levy is actually made, for the property must have been restored under (313) section 4 of the act. In both cases the extended arm of the law was prepared to do justice to the creditor; when it was palsied by the touch of the Suspension Act; but the return of its animation is marked by an increase of its vigor, derived from the very causes that impeded its functions. Like Antaeus, it has touched the ground but to receive new strength. *Page 242 
With respect to the other reasons stated in the affidavit, that execution hath issued against Berry without suit or notice, or the opportunity of being heard, it seems only necessary to remark that the Legislature had an undoubted right to invest these bonds with the force of judgments, because every person who should thereafter sign them either knew or might have known the footing on which they were pleaded. And although it is a dictate of natural justice, as well as a rule of the common law, that no one should be condemned unheard, or without having an opportunity of being heard, yet it is competent for a person to enter into a contract by which he waives this right, quilibet potest, etc. And this has been done by all those who executed these bonds under the act. We are all, therefore, of opinion that the certiorari should be dismissed.
NOTE. — See Jones v. Crittenden, ante, 55.
Cited: McCubbins v. Barringer, 61 N.C. 556; Riggsbee v. Durham,94 N.C. 805; Russell v. Ayer, 120 N.C. 201; Greene v. Owen,125 N.C. 222; Lowery v. School Trustees, 140 N.C. 43;Comrs. v. Boring, 175 N.C. 111; Brunswick-Balke Co. v. Mecklenburg,181 N.C. 388.