BRUNSWICK-BALKE-COLLENDER COMPANY v. MECKLENBURG
COUNTY.

(Filed 18 May, 1921.)

**1. Taxation—Licenses—Payment Under Protest—Actions—Procedure—Statutes.**

In order to recover a license tax alleged to have been unlawfully demanded by a county, the taxpayer is required to pay the tax under a written protest, and make written demand upon the county treasurer within thirty days, and upon his failure to refund within 90 days the person so paying the tax may maintain his action against the county, including in his demand both the State and county taxes. C. S., 7919.

**2. Taxation—Licenses—Mortgages—Liens—Priority.**

The lien of a license tax on a business is superior to that of a chattel mortgage on the property therein used, and the amount thereof is not abated by reason of an unexpired year. C. S., 7776-7786.

**3. Constitutional Law—Statutes—Taxation—Statutes Valid in Part.**

A license tax imposed upon a business is not void as contravening the State Constitution upon the theory that the statute gives an invalid arbitrary power to the county commissioners with reference to the issuance of the license among applicants therefor, as to locality or otherwise; and the tax so imposed will nevertheless remain, these different portions of the law not being so interdependent that one must fall with the other.

**4. Constitutional Law—Taxation—Licenses—Police Powers—Discrimination—Counties—Discretion.**

Billiard and pool tables kept open for indiscriminate use by the public are liable to become a source of disorder and demoralization, coming within the police powers, and requiring, in the nature of the business, that power be lodged in some governmental board to withhold or revoke a license imposed by statute for the conduct of the business, and such power lodged in the board of county commissioners, differentiating as to licenses to be issued within and without the city limits, the latter not subject to the same degree of police protection, and requiring a greater license fee, and certain publicity before the license may be issued, etc., is not an unconstitutional discrimination, or the exercise of an invalid arbitrary power, the decision of the commissioners being reviewable in the courts upon the question of whether this power has been arbitrarily and unjustly exercised.

CIVIL ACTION, tried before *Harding, J.,* and a jury, at February Term, 1921, of MECKLENBURG.

The action is instituted by plaintiff against Mecklenburg County to recover the sum of $1,010.60 paid by the plaintiff to the sheriff under protest to prevent a sale of certain personal property upon which plaintiff held a chattel mortgage, the said sum being a license tax alleged to have been due to State and county by the Mecklenburg Amusement Company for the year commencing 1 June, 1918, and expiring 31 May,

1919. The facts in evidence tended to show that plaintiff, on 10 October, 1917, sold to one Robert Welch twenty pool tables, etc., taking a mortgage, or contract for conditional sale, duly registered, to secure purchase price. That some time thereafter said Welch sold his interest in said property to the Mecklenburg Amusement Company, and this company operated said pool tables at Liberty Park, outside the corporate limits of the city of Charlotte, from some time the latter part of 1917 until about the first of February, 1919. That the sheriff collected the license tax from the company for the year ending 31 May, 1918, though the company operated said tables, etc., to last of January or first of February, 1919, as stated, without having paid the tax or obtained license or applied for same to the county commissioners or otherwise. That the levy by the sheriff was for the unpaid tax and the plaintiff holding the mortgage or lien to secure the debt paid same under protest, having made proper demand upon treasurer of the county and the State Treasurer, as the statute requires, instituted this action to recover the amount. It further appeared that on obtaining possession of the property plaintiff caused it to be sold at public auction under the terms of the mortgage or lien, and bought the same in at $2,200, and plaintiff's indebtedness at the time of sale, and secured by the instrument, was $2,726.96. Plaintiff admitted that the property was worth at least the $2,200, and on an issue submitted the jury fixed the market value of same at $3,750.

On these, the facts pertinent, the court entered judgment that the defendant go without day, and plaintiff excepted and appealed.

*J. Laurence Jones and A. B. Justice for plaintiff.*

*Attorney-General Manning and Assistant Attorney-General Nash for defendant.*

HOKE, J. Plaintiff has taken the proper course to test his right to relief. The law on the subject, C. S., 7979, making provision that where "a person claims that a tax or assessment charged against him is invalid he shall pay under written protest and on written demand upon the treasurer of the county or the State within 30 days, and upon a failure to refund within 90 days he may maintain his action against the county, including in his demand both the State and county tax," and in pursuing this course it is not contended that the tax, if valid, should not prevail over plaintiff's lien, or that there should be any abatement by reason of the portion of the year unexpired at the time the pool tables were closed down. Here, also, the statute is expressly to the contrary, C. S., 7776-7786. Plaintiff, however, bases his right to recover on the ground that the statute imposing the tax is unconstitutional and void, and this for the reason chiefly that it confers on the county commis-

sioners the arbitrary power to grant or withhold the license required to operate these tables in the manner designated. The statute in question, 2 C. S., ch. 131, Art. 3, title Taxation, imposes an annual tax of $25 on all billiard and pool tables, bowling alleys, and all alleys of that kind kept for public use, requires a license for that purpose to be issued by the sheriff, makes it a misdemeanor to operate without a license, and in sec. 7827 contains, among others, the proviso that the sheriff shall not issue a license to any person or corporation to maintain such billiard or pool table or bowling alley for public use outside of any incorporated city or town except with the approval of the county commissioners, "and all applications for such license are hereby required to be filed with the county commissioners at least ten days before being acted upon, and notice thereof published in some newspaper published in the county once a week for two weeks, or posted at three conspicuous places in the community where the license is to be exercised for two weeks prior to the action of the county commissioners thereon." If it be conceded that this proviso, on which plaintiff bases his principle objection to the statute is void because conferring arbitrary power, it is only a police regulation in reference to a license to operate, and both that and the criminal feature of the law are in aid of collection of the tax, which is levied generally on "each billiard and pool table or tract for a bowling alley, etc., operated for public use." If we were to strike out the proviso, this tax so imposed would remain, these different portions of the law not being so interdependent that one must fall with the other. *Comrs. v. Boring,* 175 N. C., 105; *Lowery v. School Trustees,* 140 N. C., 33; *Cotton Mills v. Waxhaw,* 130 N. C., 293; *Berry v. Haines,* 4 N. C., 311, and being a valid debt collection would be enforcible either by other methods and means provided by the statute or by action. *State and Guilford County v. Georgia Company,* 112 N. C., 34.

But the proviso in our opinion is not invalid. It is fully recognized that these billiard and pool tables, when kept open for indiscriminate use by the public, may, and not infrequently do, become the source of disorder and demoralization, and that it is absolutely essential that power should be lodged in some governmental board to withhold or revoke the license in such cases, and the proviso in the statute is very far from conferring arbitrary powers on the commissioners, but they are to give these applications for license a public hearing after full notice and decide the question according to their sound discretion, and their action may be reviewed when it shows that it has been palpably arbitrary and unjust. *Rosenthal v. Goldsboro,* 149 N. C., 128, and cases cited. In *S. v. Tenant,* 110 N. C., 609, the case in this State chiefly relied upon by appellant, involved the validity of an ordinance of the city of Ashe-ville, which prohibited any and all owners of property within the city

from building or erecting anywhere in the city limits any house or building of any kind or character or adding to or altering any house or building already constructed without first obtaining permission from the board of aldermen. The court held the ordinance void, as an unwarranted interference with the ordinary incidents of ownership, at the arbitrary will of the board of aldermen without valid reason had or assigned for their action, and as having no reasonable relation to the exercise of the police powers vested in the board for the well ordering of the town. And so in the case of *Yick Wo v. Hopkins, Sheriff,* 118 U. S., 356, a municipal ordinance of the city and county of San Francisco attempting to regulate laundries was held void as conferring arbitrary powers on the board of supervisors of the county, and for the further reason that the same was being administered with an "evil eye and an unequal hand," and with a view of suppressing or making burdensome discriminations against the Chinese engaged in that occupation. But those cases are not in support of plaintiff's position on the facts of this record where the county commissioners are given the power to pass on the issuing of the license for operating billiard and pool tables for public use as a reasonable exercise of the usual and ordinary police powers prevailing in such cases, to be issued only after notice and hearing had in the sound discretion of the board, a distinction fully and expressly recognized in the *Yick Wo. v. Hopkins* and other cases relied on by the appellant. The further objection that the statute makes unreasonable discrimination as to the licensing of these tables between town and country is without merit. It is fully established that the right of classification "is referred very largely to the legislative discretion and its exercise is not to be disturbed unless same is clearly arbitrary." *S. v. Stokes,* at present term, citing *S. v. Burnett,* 179 N. C., 735; *Smith v. Wilkins,* 164 N. C., 136; *Efland v. R. R.,* 146 N. C., 135; *Ins. Co. v. Daggs,* 172 U. S., 557; *Tullis v. R. R.,* 175 U. S., 348-353. The fact that in the country the operation of these tables is as a rule without the instant police supervision that usually prevails in the cities is a good reason for the distinction, and of itself affords sufficient basis for the classification objected to.

The statute imposing the tax in our opinion being a valid law, the obligation to pay is absolute, and the same is collectible whether the owner has operated under or in defiance of the public regulations as to license. The authorities so hold, and we do not understand that appellant desires to question this position. *Foster v. Speed* (Tenn.), 111 S. W., 925, citing *State v. Tucker,* 45 Ark., 55; *State v. Funk,* 27 Minn., 318, and other cases.

We find no error in the record, and the judgment of the Superior Court is

Affirmed.