

# THE ATTORNEY GENERAL

## OF TEXAS

GERALD C. MANN

~~WILL WILSON~~

ATTORNEY GENERAL

AUSTIN 11, TEXAS

February 9, 1939

Hon. George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Sheppard:                    Attention of Mr. Farrar

Opinion No. O-182
Re:  Taxes on confiscated oil

This is in answer to your letter of January 19, 1939, in which you
ask this Department for an opinion concerning taxes on confiscated oil.

That part of your letter which sets out the facts involved and the
questions you desire answered is as follows;

> "There have been a number of cases of confiscated oil sold
> by the State of Texas upon which the purchaser has paid
> the tax levied by Article 7057a.  Such purchaser now
> claims that such tax was erroneously paid and makes demand
> on this department for credit as provided for in subsection
> 13 of Section 1.  This department therefor requests your
> opinion as to whether the Comptroller is authorized to give
> credit for taxes paid on oil confiscated by the State.
>
> "In most cases the source of the confiscated oil is unknown.
> There is one case, however, where the Thomas D. Humphries
> lease produced 102,000 barrels of excess oil, and the
> source of the oil is not in question.  The fact that it was
> produced illegally was basis upon which the court held it
> subject to confiscation by the State.  This department has
> made demand upon the owner of the lease for taxes, under
> Article 7057a.  The leaseowner has refused to pay the
> taxes on the ground the State acquired title to the oil and
> sold it, therefore, no tax accrues. I will thank you to advise
> the law under this condition of facts."

We will endeavor to decide your first inquiry, which is whether or not
the Comptroller should give  credit for taxes paid by these parties
under the facts stated by you.

The producer of the oil in this case in the person who took the oil from
the earth (which is the person from whom it was confiscated) by virtue
of paragraph (1) of Section 1 of Article 7057a, which reads as follows:

"For the purpose of this Act "producer' shall mean any person owning, controlling, managing or leasing any oil well and/ or any person who produces in any manner any oil by taking if from the earth or waters in this State, and shall include any person owning any royalty or other interest in any oil or its value whether produced by him, or by some other person on his behalf, either by lease, contract or otherwise."

It was intended by the act that the "producer" pay the tax, whichis shown by the words of paragraph (12) as follows:

"The tax herein imposed on the producing of crude petroleum shall be the primary liability of the producer as hereinbefore defined;"

A "first purchaser" is defined in paragraph (2) as the "person purchasing crude oil from the producer"; and persons buying from the "first purchaser" are defined as "subsequent purchasers". A provision is made in paragraph (12) and in paragraph (15) whereby the "first purchaser" and "subsequent purchasers" are to aid in collecting this tax from the "producer" by deducting the amount of the tax from the purchase price and paying this amount to the Comptroller as the tax; and as this amount would be ultimately deducted from the sale price the "producer" received it would result in the "producer" paying the tax.

The State is not a first purchaser under such conditions as these. As noted above, a first purchaser is the "person purchasing ..., etc." The state is not a person, nor did it purchase. Furthermore, to require the purchaser to withhold 2-3/4 per cent of the purchase price from the State on the one hand and pay that sum to the Comptroller as taxes on the other hand would be equivalent to taxing property of the State. In no view of the situation can this be done in this instance. And, certainly there is no authority in the statutes for making the purchaser from the State pay this tax in addition to the purchase price.

Therefore, when the purchaser paid the 2-3/4 per cent tax in addition to the purchae price, his mistake was one of law which we think would fall within Section 1 (13) of saiu Article 7057a, reading as follows:

"When it shall appear that a taxpayer to whom the provisicns of this Act shall apply has erroneously paid more taxes than were due during any tax paying period either on the account of a mistake of fact or law, it shall be the duty of the State Comptroller to credit the total amount of taxes due by such taxpayer for the current period with the total amount of taxes so erroneously paid."

Our answer to your first inquiry is that the Comptroller should give these parties credit to the extent of 2-3/4¢ per barrel for the taxes paid on the occasions you refer to.

We will now endeavor to decide your second inquiry, which is whether or not the lease owner in these cases where the oil has been confiscated is still liable for the tax of 2-3/4¢ per barrel on the oil produced.

We assume that the lease owner you refer to is the person who produced the oil and from whom the oil was confiscated.

It is our belief that that part of paragraph (12) quoted above places the primary liability for these taxes on the producer; and the producer in this case is the one from whom the oil was confiscated. As soon as the party in question became a "producer", that is had produced the oil, the liability for the tax became fixed on that person, and it made no difference as to what happened to the oil. The tax in question is a tax on the occupation, the act of producing the oil, such being the holding in the case of Group No. 1 Oil Corp. vs. Sheppard, 89 S. W. (2d) 1021, which involved the statute in question, and in which the court said:

> "Nor is the tax levied on the oil in place. The tax is levied on the business or occupation of producing the oil."

The fact that this oil was produced in an illegal manner should not excuse the producer from liability for the tax. In these instance the law will not permit a party to profit by his own wrong. In 4 Cooley on Taxation, 4th Ed., 3397, it is said:

> "An occupation tax is collectible without regard to whether the owner has operated under or in defiance of public regulations as to license. It is no defense to an action to collect a privilege tax that the business upon which the tax is assessed is illegal."

This rule of law was followed in the cases of Foster v. Speed, 120 Tenn. 111 S W. 925, 22 L. R. A. (N. S.) 949, 15 Ann. Cas. 1066; and Brunswicke-Balke-Collander Co. vs. Mecklerburg County, 181 N. C. 386, 107 S. E. 317.

Our answer to your second inquiry is that the lease owner (the person who produced the oil and from whom the oil was confiscated) is still liable to the State for the tax of 2-3/4¢ per barrel on the oil produced.

Yours very truly
ATTORNEY GENERAL OF TEXAS

s/ Cecil C. Rotsch

                                        By
                                          Cecil C. Rotsch
                                            Assistant

CCR:BT/ldw

APPROVED
s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS