## BASHARA v. HOPKINS, Collector of Internal Revenue.

(District Court, N. D. Texas, Dallas Division.)

1. **Internal revenue ☞28—Collection of tax barred by limitations cannot be enjoined.**

   Rev. St. § 3224 (Comp. St. § 5947), prohibiting any suit to restrain the assessment or collection of any tax, prevents an injunction against the collection of an additional tax levied for the revenue year of 1917, notwithstanding the claim that the collection of such tax was barred by Revenue Act 1921, § 250.

2. **Internal revenue ☞38—Tax collected after period of limitations may be recovered as illegal.**

   The collection of a past-due tax after the period of limitation prescribed by Revenue Act 1921, § 250, had expired, would be illegal, since the right to recover the tax is statutory, and the lapse of time bars not only the remedy, but destroys the right, and therefore such tax, if paid under protest, could be recovered under Rev. St. §§ 3220, 3226, 3227 (Comp. St. §§ 5944, 5949, 5950), authorizing the recovery of taxes erroneously or illegally assessed or collected.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Equity. Suit by M. J. Bashara against George C. Hopkins, Collector of Internal Revenue, to enjoin the collection of a tax. On motion of defendant to dissolve a temporary restraining order and to dismiss the bill. Motion granted.

N. A. Dodge, Sp. Asst. U. S. Atty., of Fort Worth, Tex., for the motion.

Weeks, Morrow & Francis, of Wichita Falls, Tex., opposed.

ATWELL, District Judge. The plaintiff, M. J. Bashara, filed his bill against George C. Hopkins, collector of internal revenue, alleging that for the revenue year of 1917 he had paid a tax of $6,904.81, believing that was all he owed; that thereafter, on March 17, 1923, the Commissioner of Internal Revenue notified him that his total tax liability for the year 1917 had been increased in the sum of $2,522.64, and that an immediate assessment of a tax in that amount would be made; that on April 2, 1923, the defendant, collector of internal revenue, made a written demand upon him for the payment of said sum, demanding the same within 10 days from that date; that on the 12th of April, 1923, the collector made a second demand upon the plaintiff for said sum of $2,522.64, plus $126.10 penalty, and interest in the sum of $8.40, making a total of $2,656.54; that said sum must be paid, in order to avoid seizure and sale of property, not later than April 22d; that by the terms of section 250 of the Revenue Act of 1921 (42 Stat. 265) the time within which a collector could bring any suit or proceeding for the collection of a tax which might be due under the Revenue Act of 1916 or the Revenue Act of 1917 was limited to 5 years from the time the return, or report of the taxpayer, was filed, and that by virtue of said provision the defendant collector had no right or authority to restrain, or seize, or sell, or attempt to restrain, or seize, or sell, any of the plaintiff's property in the attempt to collect said sum, and that the government was barred by the statute of limitation provided for in said act, to wit, five years; that notwithstanding said bar the defendant was threatening and intending to issue warrants of distraint, and was intending to seize, and cause to be seized, plaintiff's property, and to appropriate the proceeds thereof to the payment of said sum; that if said seizure and sale and collection was made it would be entirely without authority of law, and contrary to the express inhibition of the statute, and would constitute a trespass and an unlawful invasion of the plaintiff's rights, and would work great and irreparable injury to the plaintiff.

A temporary restraining order was prayed pending the hearing of the bill, so as to prevent his bank account from being seized, and so as to prevent the title to his property from being clouded by distraint. A temporary restraining order was issued, after notice, returnable June 19th. Thereafter the defendant filed a motion to dissolve the order and to dismiss the bill.

Section 3224 of the Revised Statutes of the United States (Comp. St. § 5947) provides:

"No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

290 F.—38

·· This provision is one of a series of provisions wherein, under sections 3220, 3226, and 3227 R. S. U. S. (Comp. St. §§ 5944, 5949, 5950), the taxpayer is afforded remedies for the return to him of such moneys as are "erroneously or illegally" assessed or collected.

[1] It is contended by the plaintiff that section 3224 does not, in all cases, prohibit the bringing of a suit to enjoin the collection of a federal tax, and cites Hill v. Wallace, 259 U. S. 44, 42 Sup. Ct. 453, 66 L. Ed. 822, decided by the Supreme Court on May 15, 1922, wherein Mr. Chief Justice Taft, who delivered the opinion, said:

"It has been held by this court in Dodge v. Brady, 240 U. S. 122, that section 3224 of the Revised Statutes does not prevent an injunction in a case apparently within its terms in which some extraordinary and entirely exceptional circumstances made its provisions inapplicable. See, also, Dodge v. Osborn, 240 U. S. 118.".

In Dodge v. Osborn, 240 U. S. 118, 36 Sup. Ct. 275, 60 L. Ed. 557, the court said, with reference to section 3224:

"While it is obvious that the statute plainly forbids the enjoining of a tax unless by some extraordinary and entirely exceptional circumstances its provisions are not applicable."

In Du Pont v. Graham (D. C.) 283 Fed. 300, it was said:

"It is evident that Congress intended by the provisions of section 250 (d) of the act of 1921 to provide a definite five-year limitation for the beginning of suits or proceedings for the collection of the taxes enumerated. If the revenue officers should unduly delay the assessment of the taxes and the commencement of proceedings for collection, Congress has determined that five years after the due date of the return is a reasonable time to bring to an end the right to collect."

It is contended that the provisions of section 250 can be enforced by no other method than by injunction, if the officers of the revenue department do not obey and observe the limitation provision. When the case of Graham v. Du Pont reached the Supreme Court, that court (43 Sup. Ct. 567, 67 L. Ed. ——), speaking through Mr. Chief Justice Taft, classified the case of Hill v. Wallace, with others, as belonging in the same group as Lipke v. Lederer, 259 U. S. 557, 42 Sup. Ct. 549, 66 L. Ed. 1061, which permit the enjoining of a penalty in the form of a tax, declaring that the "extraordinary and entirely exceptional" circumstances in those cases rendered section 3224 inapplicable.

It would seem that Graham v. Du Pont, supra, overruling both the Circuit Court of Appeals and the District Court, rules the instant case, because, in the last paragraph of that opinion we find the following:

"This conclusion renders it unnecessary for us to consider whether section 252 of the Revenue Act of 1921, in connection with section 3226, Revised Statutes, as amended by the same Revenue Act of 1921 [42 Stat. 314, § 1318], barred complainant's right to pay the tax and sue to recover it back at the time of filing his bill, as held by the District Court. It is certain that by the amendments to section 252 and section 3226, Revised Statutes, by the Act of March 4, 1923 [Public No. 527], the complainant is given the right now to pay the tax, and sue to recover it back, and in such a suit to raise the questions as to the value of the stock and the amount of the resulting tax and also the bar of time against the assessment which he attempted to raise in the bill."

[2] It is claimed that, if the plaintiff should pay the tax demanded and avail himself of the statutory provisions for refund, he would be

denied recovery, even though able to show the proceeding for collection was begun after the expiration of five years, because the defense of limitation, when presented as a basis for recovery, would be denied; in other words, that limitation will avail him as a defensive pleading (and as an affirmative one in this case), but that it would not be available to him in a refund suit. It cannot be assumed that the government would be deaf to the bar of limitation and the consequent illegality of an assessment or collection after such bar. In Meriwether v. Garrett, 102 U. S. 501, 26 L. Ed. 197, Chief Justice Waite said:

"The power of taxation is legislative, and cannot be exercised otherwise than under the authority of the Legislature."

In The Harrisburg, 119 U. S. 214, 7 Sup. Ct. 147, 30 L. Ed. 358, it was said:

"The statutes create a new legal liability, with the right to a suit for its enforcement, provided the suit is brought within 12 months, and not otherwise. The time within which the suit must be brought operates as a limitation on the liability itself as created, and not on the remedy alone. It is a condition attached to the right to sue at all."

At page 1052, 25 Cyc., it is stated that the liability created by statute is a specialty and governed by limitations applying to specialties. In the case of Smythe v. New Providence Tp. (D. C.) 253 Fed. 824, the rule is stated that general statutes of limitation do not apply on liability created by statute, and it is reasoned that such liability is not a debt which has arisen under a contract, either express or implied, but is an obligation which is a creation of the statute.

In the case of Phillips v. Grand Trunk Railway, 236 U. S. 662, 35 Sup. Ct. 444, 59 L. Ed. 774, where the Supreme Court had under consideration the rights of the shippers to recover from the carrier freight charges held to have been unreasonable by the Interstate Commerce Commission and the provisions of the Hepburn Act (Comp. St. § 8563 et seq.) limiting the time within which claims of that nature can be asserted, it was held that the lapse of time, not only bars the remedy, but destroys the right. See, also, page 708, 37 Cyc.; Davis v. Mills, 194 U. S. 451, 24 Sup. Ct. 692, 48 L. Ed. 1067; Northern Pacific Railway v. Crowell (D. C.) 245 Fed. 668.

Therefore it must follow, as a matter of course, that a collection of a tax made beyond the period allowed by law would be "illegal," and such a collection would stand exactly upon the same basis as a collection made under an unconstitutional statute. It has been held that sections 3220, 3226, and 3227, R. S. U. S., are applicable to proceedings for the recovery of taxes "erroneously or illegally" assessed and collected. This recognition of the difference between a limitation in a special act and a general statute of limitation renders inapplicable such decisions and texts as paragraph 4, 17 Ruling Case Law, 66; Hopkirk v. Bell, 3 Cranch, 454, 2 L. Ed. 497; Edwards v. Kearzey, 96 U. S. 598, 24 L. Ed. 793; Campbell v. Holt, 115 U. S. 620, 6 Sup. Ct. 209, 29 L. Ed. 483; Campbell v. City of Haverhill, 155 U. S. 612, 15 Sup. Ct. 217, 39 L. Ed. 280—which hold that the plea of limitation defeats the remedy only, the debt remaining.

Believing that, if five years had elapsed before a demand was made

on the plaintiff, a collection would be "illegally" made, and believing that the Congress has announced the only method by which a taxpayer may save himself from the harm of an "illegal" payment, and that the restraining of the government's collector is not the method provided, I sustain the motion, dissolve the temporary restraining order, and dismiss the bill, and direct that an order be drawn accordingly.