CADWALADER et al. v. STURGESS, Internal Revenue Collector.*

(Circuit Court of Appeals, Third Circuit. February 29, 1924.)

No. 3058.

1. Equity ⬗43—Issues not triable in equity, where court of law furnishes adequate remedy.

Under Judicial Code, § 267 (Comp. St. § 1244), issues which a court of law is equipped to try, and for which it affords a plain and adequate remedy, are not triable in a court of equity.

2. Internal revenue ⬗28—Statute held to authorize payment of tax and suit to recover and raising of objections to the tax therein, and collection will not be enjoined.

Under Act March 4, 1923, § 2, amending Rev. St. § 3226, a party against whom an income tax was assessed in September, 1919, on personal income for the year 1917, may pay the tax and bring an action at law to recover it back, and in such action raise the question whether the five-year limitation in Revenue Act 1921, § 250(d), being Comp. St. Ann. Supp. 1923, § 6336⅛tt, having expired, the collection was legal, and hence suit to restrain collection does not lie, in view of section 3224.

Appeal from the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

Suit by Emily R. Cadwalader and another, executors of the estate of Charles G. Roebling, deceased, against Edward L. Sturgess, individually and as collector of United States Internal Revenue for the first district of the State of New Jersey. From a decree dismissing the bill (292 Fed. 1012) complainants appeal. Affirmed.

Herbert Noble and Scott Scammell, both of New York City, for appellants.

Walter G. Winne, U. S. Atty., of Hackensack, N. J., and Charles P. Hutchinson, Sp. Asst. U. S. Atty., of Trenton, N. J. (Nelson T. Hartson, Solicitor of International Revenue, and Chester A. Gwinn, both of Washington, D. C., of counsel), for appellee.

Before WOOLLEY and DAVIS, Circuit Judges, and THOMSON, District Judge.

---

⬗For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Certiorari denied 44 Sup. Ct. 459, 68 L. Ed. ——.

WOOLLEY, Circuit Judge. This case raises a question of 'the proper procedure to be followed by one who seeks to avoid payment of federal taxes which he believes have been illegally assessed or are about to be illegally collected. It does not concern any question of the legality of the assessment or collection of taxes, although to this statement, we are quite aware, the appellants will not agree.

In September, 1919, the Commissioner of Internal Revenue assessed an additional tax of $356,178.95 against the executors of Charles G. Roebling on personal income of their decedent for the year 1917. After notice and demand for payment, made October 10, 1919, the executors filed a claim for abatement. The Commissioner of Internal Revenue allowed the claim by eliminating the interest amounting to $60,594.76 and by reducing the principal by $75,290.33, and rejected it in the sum of $220,293.86. Within the time provided by law the executors filed a claim for abatement of the assessment as revised, amounting with interest to $240,120.31. The record does not disclose that this claim has been determined. After notice and demand for payment of the last named sum and interest, made April 26, 1923, the executors of Charles G. Roebling, instead of paying the amount demanded and proceeding for its recovery in the usual way, brought this suit by bill in equity to restrain its collection, alleging, in substance, that the Collector of Internal Revenue named therein is threatening to collect from them by distraint the sum assessed as additional tax; that the threatened distraint is prohibited by the five-year limitation contained in the federal statute; that there is no authority in law for the collection of the tax for which distraint is threatened; and that, if the threatened distraint is not enjoined, they, the executors, will be without legal remedy, or, if any they have, it will be wholly inadequate. On motion of the Collector, the District Court dismissed the bill by force of section 3224 of the Revised Statutes (Comp. St. § 5947) and on authority of Graham v. Du Pont, 262 U. S. 234, 43 Sup. Ct. 567, 67 L. Ed. 965. The case is here on the complainants' appeal.

The claimed statutory inhibition against the collection of the tax by distraint arises under section 250 (d) of the Revenue Act of 1921 (42 Stat. 227) being Comp. St. Ann. Supp. 1923, § 6336⅛tt, which provides generally for the assessment of taxes under the act and particularly that:

"No suit or proceeding for the collection of any such taxes due under this act or under prior income, excess-profits, or war-profits tax acts, * * * shall be begun, after the expiration of five years after the date when such return was filed. * * *"

On May 5, 1923, when this action was instituted, more than five years had elapsed since April 1, 1918, when the return of Charles G. Roebling was filed, and, according to the complainants' contention, the threatened distraint or seizure of his property, then or later, would constitute a suit or "proceeding" prohibited by the quoted provision of the act. The complainants further maintain that if such claimed illegal proceeding for the collection of taxes should be instituted by the Collector of Internal Revenue and the tax be collected, they would be prevented from asserting its illegality and recovering it back by an ac-

tion at law because of the bar of two provisions of the statute,—first, that of section 252 of the Revenue Act of 1918, 40 Stat. 1085, c. 18, re-enacted in the Revenue Act of 1921, 42 Stat. pt. 1, p. 268, c. 136 (Comp. St. Ann. Supp. 1923, § 6336⅛uu), which allows a credit on an income tax of any excess paid on a previous tax and a refund of the balance: "Provided, that no such credit or refund shall be allowed or made after five years from the date when the return was due, unless before the expiration of such five years a claim therefor is filed by the taxpayer;" and second, the bar of section 3226 of the Revised Statutes, as amended by section 1318 of the Revenue Act of 1921 (Comp. St. Ann. Supp. 1923, § 5949), which provides that:

"No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, * * * until a claim for refund or credit has been duly filed with the Commissioner of Internal Revenue, according to the provisions of law in that regard, and the regulations of the Secretary of the Treasury established in pursuance thereof. No such suit or proceeding shall be begun before the expiration of six months from the date of filing such claim unless the Commissioner renders a decision thereon within that time, nor after the expiration of five years from the date of the payment of such tax. * * * "

On the contention that these statutory limitations of time in which claim for a refund can be filed and suit be brought to recover a tax paid upon an illegal assessment deprive them of all remedies at law, the complainants filed their bill in equity and rest their right to injunctive relief against the threatened collection of the tax. But they were immediately confronted with section 3224, R. S., which provides that:

"No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

The complainants meet this provision of the statute by the statement that, for reasons presently to be mentioned, it does not apply to their case.

We shall first inquire, very briefly, into the purpose and force of this general statutory provision.

The Congress, by tax measures enacted from time to time, provides the revenue with which the national government is sustained. It is necessary to the maintenance of the government that the collection of taxes imposed for this purpose shall not be hindered or delayed, either by those who are charged with their payment, or by the courts in their behalf. Therefore, the law requires, broadly, that all taxes, even those "erroneously or illegally assessed," shall be paid when due. The Congress knew, of course, that injustice would occasionally be done by the enforcement of this necessary rule. Therefore, it prescribed a method by which one who has paid a tax "erroneously or illegally assessed or collected" may recover it. This method contemplates, first, payment of the tax. It then provides for an application to be made by the aggrieved taxable and addressed to the Commissioner of Internal Revenue for refund of the tax. If his application be granted, his grievance has been satisfied; if it be rejected, he may bring suit against the collector in a court of law to recover the amount of the tax and there succeed or fail according to the merits of his case. These proceedings have often been

referred to by the Supreme Court as "a complete and exclusive system of corrective justice" and as providing the sole remedy for a taxpayer against the illegal and erroneous assessment and collection of taxes. Evidently, this method was established "under the right belonging to the government to prescribe the conditions on which it would subject itself to the judgment of the courts in the collection of its revenues. In the exercise of that right, it declared by section 324, R. S., that its officers shall not be enjoined from collecting a tax claimed to have been unjustly assessed, when those officers, in the course of jurisdiction over the subject-matter in question, have made the assessment and claim that it is valid."

This has long been the view of the Supreme Court. State R. R. Tax Cases, 92 U. S. 576, 23 L. Ed. 663; Snyder v. Marks, 109 U. S. 189, 3 Sup. Ct. 157, 27 L. Ed. 901; Shelton v. Platt, 139 U. S. 591, 11 Sup. Ct. 646, 35 L. Ed. 273; Pittsburg Ry. v. Board of Public Works, 172 U. S. 32, 19 Sup. Ct. 90, 43 L. Ed. 354; Pacific Whaling Co. v. United States, 187 U. S. 447, 451, 452, 23 Sup. Ct. 154, 47 L. Ed. 253; Dodge v. Osborn, 240 U. S. 118, 121, 36 Sup. Ct. 275, 60 L. Ed. 557; Graham v. Du Pont, 262 U. S. 234, 43 Sup. Ct. 567, 67 L. Ed. 965. The complainants do not challenge this construction of section 3224, R. S., but deny the application of its provisions to the case at bar on two grounds: The first is that, the provision having to do with the collection of a tax by a Collector of Internal Revenue, the Collector in this case has lost jurisdiction over the tax he threatens to collect by reason of his failure to act within the five-year limitation of section 250 (d), supra; the next is, that the five-year limitation for the collection of the tax having expired, the tax itself, whether legally or illegally assessed, has ceased to exist and the taxable has ceased to be liable for its payment.

[1] But these are questions on which, in view of the single issue of procedure here involved, we are not called upon to express an opinion. They are, admittedly, questions of law triable some time, somewhere. They are not triable in a court of equity when a court of law is equipped to try them and when it affords a plain and adequate remedy. Dows v. City of Chicago, 11 Wall. 108, 112, 20 L. Ed. 65; Allen v. Pullman's Palace Car Co., 139 U. S. 658, 11 Sup. Ct. 682, 35 L. Ed. 303; section 267 of the Judicial Code (Comp. St. § 1244).

[2] The complainants' bill shows quite clearly that they have a plain, adequate and complete remedy at law, and that their case, largely on the facts and directly on the law, falls within the decision in Graham v. Du Pont, 262 U. S. 234, 43 Sup. Ct. 567, 67 L. Ed. 965. In that case the Supreme Court, arriving at the conclusion that the complainant there had a remedy at law and therefore finding it unnecessary to consider whether section 252 of the Revenue Act of 1921, in connection with section 3226 of the Revised Statutes, as amended by the Revenue Act of 1921, barred the complainant's right to pay the tax and sue to recover it at the time of filing his bill, said:

"It is certain that by the amendments to section 252 and section 3226, Revised Statutes, by the Act of March 4, 1923 (42 Stat. 1504), the complainant is given the right now to pay the tax, and sue to recover it back, and in

such a suit to raise the questions as to the value of the stock and the amount of the resultant tax and also as to the bar of time against the assessment [collection] which he attempted to raise in the bill."

Followed in Bashara v. Hopkins (D. C.) 290 Fed. 592, affirmed 295 Fed. 319; Seaman v. Bowers, Collector (D. C. So. D. N. Y.) no opinion (affirmed C. C. A. 297 Fed. 371); Crawford, Jenkins & Booth, Ltd., v. Cousins (D. C. La.) no opinion; Sigman v. Rainacke, Collector (D. C. N. D. Ill.) no opinion.

The amendment of March 4, 1923 (42 Stat. 1504, § 2), concerning suits to recover taxes illegally assessed or collected, adds to section 3226, R. S., before quoted, these words:

"Unless such suit or proceeding is begun within two years after the disallowance of the part of such claim to which such suit or proceeding relates. ❋ * ❋ "

What the Supreme Court said of the complainant in Graham v. Du Pont may be said of the complainants in this case, where, by force of the amendment of March 4, 1923, enacted prior to the institution of this suit, they had full opportunity, and still have, to pay the tax, ask for a refund and, if rejected, institute a suit at law and there try out the questions they have raised in this suit in equity.

For these reasons the decree of the District Court dismissing the bill must be

Affirmed.