CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY *v.* OSBORNE, AS TAX COMMISSIONER OF THE STATE OF NEBRASKA, ET AL.

CHICAGO & NORTHWESTERN RAILWAY COMPANY *v.* OSBORNE, AS STATE TAX COMMISSIONER OF THE STATE OF NEBRASKA, ET AL.

CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY *v.* OSBORNE, AS STATE TAX COMMISSIONER OF THE STATE OF NEBRASKA, ET AL.

APPEALS FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF NEBRASKA.

Nos. 219, 224, 225. Argued April 14, 15, 1924.—Decided April 28, 1924.

Where railroad companies, complaining of systematic and intentional discrimination by a state board in the assessment of taxes, were allowed no remedy by the state law other than a writ of error from the State Supreme Court to correct only errors of law apparent on the face of the record prepared by the board itself, with no supersedeas pending review to prevent infliction of penalties on their agents for failure to pay the tax, *held*, that the remedy was not adequate and that the case was cognizable by the District Court in suits for injunction. P. 15.

Reversed.

APPEALS from decrees of the District Court which dismissed the suits brought by the appellant companies to restrain collection of state taxes, upon the ground that their remedy at law was adequate.

*Mr. Bruce Scott,* with whom *Mr. Timothy Byron Clark, Mr. Jesse L. Root, Mr. J. W. Weingarten* and *Mr. J. C. James* were on the briefs, for appellant in No. 219.

*Mr. Wymer Dressler,* with whom *Mr. R. L. Kennedy, Mr. R. N. Van Doren, Mr. James B. Sheean,* and *Mr. F. W. Sargent* were on the briefs, for appellants in Nos. 224 and 225.

*Mr. Geo. W. Ayres* and *Mr. Hugh La Master,* Assistant Attorneys General of the State of Nebraska, with whom *Mr. O. S. Spillman,* Attorney General, was on the briefs, for appellees.

Mr. Justice Holmes delivered the opinion of the Court.

These are bills in equity brought to restrain the collection of taxes upon the respective railroad companies for the year 1922 on the ground that the farm lands in Nebraska were systematically and intentionally undervalued while the railroad properties were valued at their full worth and more. After a hearing by three Judges sitting under § 266 of the Judicial Code, it was held that the plaintiffs "had an adequate remedy at law under the statutes of the State of Nebraska in prosecuting error proceedings to the Supreme Court of the State of Nebraska" and for that reason a preliminary injunction was denied. Appeals were taken and the correctness of the above ruling is the only question here. It is not disputed that the proceedings in the Supreme Court of the State are purely judicial, so that *Prentis* v. *Atlantic Coast Line Co.,* 211 U. S. 210, does not apply to this case. *Bacon* v. *Rutland R. R. Co.,* 232 U. S. 134. *Prendergast* v. *New York Telephone Co.,* 262 U. S. 43, 48.

The Board of Equalization and Assessment equalizes the assessments of other property made in the Counties

and itself determines the assessments upon railroads. When it has made its final order it certifies it to the counties and the county treasurers thereupon issue distress warrants and notify agents of delinquent corporations to pay over all moneys of the corporation in their hands not exceeding the amount of the tax. A failure of the agent to do so is made a misdemeanor and is punished by a fine. There is no provision for a supersedeas pending proceedings before the Supreme Court, and none by which the plaintiffs can pay under protest and bring an action at law. *Dawson* v. *Kentucky Distilleries & Warehouse Co.,* 255 U. S. 288, 296, 297. Yet if the Board is guilty of the conduct charged in the bill, the only remedy given by the statute is a writ of error to take to the Supreme Court a record prepared by the Board. Compiled Stats. 1922, § 5901.

If an action to recover the payment were allowed, the suit might be brought in the Courts of the United States, under the usual conditions, as well as in those of the State. *Singer Sewing Machine Co.* v. *Benedict,* 229 U. S. 481, 486. But the writ of error of course can be sued out only in the State, and a remedy in the State Courts only has been held not to be enough. *Smyth* v. *Ames,* 169 U. S. 466, 516. *St. Louis-San Francisco Ry. Co.* v. *McElvain,* 253 Fed. 123, 136. *Franklin* v. *Nevada-California Power Co.,* 264 Fed. 643, 645. That however is not the only objection. On a writ of error the Court is confined to the record. The most that it could do, it would seem, would be, if errors appeared on the face of the record, to set aside an excessive valuation and remit the matter to the same Board to try again, which is hardly satisfactory, if the Board is seeking to evade the law. *United States* v. *Osage County,* 251 U. S. 128, 133, 134. When such a charge as the present is made it can be tried fully and fairly only by a Court that can hear any and all competent evidence, and that is not bound by findings of

the implicated board for which there is any evidence, always easily produced.   We are of opinion that there is jurisdiction in equity over the case stated by the bill and that therefore the Judges " should dispose of the application for a temporary injunction on the merits and otherwise proceed with the suit in regular course." *Union Pacific R. R. Co.* v. *Weld County,* 247 U. S. 282, 287.

*Decrees reversed.*