### WALDRON v. POE, Collector of Internal Revenue.

(District Court, W. D. Washington, N. D. October 6, 1924.)

No. 384.

Internal revenue ⬷⬀28—Suit to enjoin distraint of property for nonpayment of tax held not maintainable.

Under Rev. St. § 3224 (Comp. St. § 5947), providing that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court," a suit is not maintainable to enjoin distraint of complainant's property for nonpayment of an internal revenue tax assessed against a corporation as owner of the property, but which complainant alleges is nonexistent, where there is such confusion as to necessitate a trial of that issue.

In Equity. Suit by Charles W. Waldron against Burns Poe, Collector of Internal Revenue. On motion to dismiss bill. Granted.

The plaintiff alleges in substance that he has been for many years a resident of Seattle, engaged as a merchant and dealer in rugs, furniture, draperies, and household goods in this city under the name of Waldron Company; that in 1915 he contemplated organizing a corporation under the name of Waldron Company to succeed to his business; that he accordingly filed triplicate articles pursuant to state statute; that no meeting was ever held to perfect the corporation and no property was acquired by "such apparent corporation"; that during all times the property of the Waldron Company was

his individual property and listed by him as such, and that he paid the taxes and assessments thereon, reported and continued to report "the income derived from the business thereof to the Internal Revenue Department, and to pay to the collector of internal revenue all the taxes and income taxes due the United States by reason of or chargeable to the business conducted under the name of Waldron Company," and plaintiff asserts there are no outstanding taxes unpaid on account thereof for the years 1918 to 1923, inclusive; that the defendant asserts that such corporation is the owner of said business and has continued the same and received the income and failed to pay the taxes that should have been paid for the years 1918, 1919, and 1920, and has threatened to distrain and take and expose for sale the property of the plaintiff for the taxes claimed to be due from such corporation—and prays that the defendant be restrained and permanently enjoined from taking such property and exposing the same for sale. The government moved to dismiss, which motion was, upon hearing, granted. A petition for rehearing has been filed and the issue resubmitted.

S. M. Bruce, of Bellingham, Wash., for plaintiff.

C. T. McKinney, Asst. U. S. Atty., of Seattle, Wash., for defendant.

NETERER, District Judge (after stating the facts as above). Under section 3224, R. S. (§ 5947, C. S.), "no suit for the purpose of restraining an assessment for collection of any tax shall be maintained in any court."

It is urged by the defendant that the remedy of the plaintiff is at law " * * * to pay all taxes and sue to recover it back." Graham v. Du Pont, 262 U. S. 234, 43 S. Ct. 567, 67 L. Ed. 965; Roebling v. Sturgess (D. C.) 292 F. 1012. The complainant urges nonobligation on his part, insisting that it is his fundamental right, guaranteed by the Constitution, that no person shall be "deprived of * * * property without due process of law," and "private property shall not be taken for public use without just compensation. * * *" He claims not to be contesting the validity of the tax nor enjoining collection; that he seeks to enjoin the distraint of his property for assessment made against another. He alleges that as an individual he is engaged as a merchant dealing in rugs, draperies, etc., under the name of Waldron Company,

and that the corporation, to organize which several steps had been taken, had not an entity, no title to the property, and no status in law, and that the assessment sought to be made against it could not be imposed upon his property.

It does appear, however, that there is such confusion of identity, ownership and relationship as to raise an issue which he tenders in his complaint, involving the validity of the tax, if the Waldron Company, a corporation, is a myth, there can be no tax, so the validity of the tax and its relation to the property claimed by the plaintiff is the issue, and this, it seems, is clearly within section 3224, R. S., and section 5947, C. S., supra. There is an adequate remedy at law (Act Nov. 23, 1921, c. 136, § 252, as amended by Act March 4, 1923, c. 276, § 1; section 3226, R. S., as amended by Act March 4, 1923, § 2), and an equitable action to enjoin the collection may not be had. Roehling v. Sturgess, supra; Bashara v. Hopkins, Collector (D. C.) 290 F. 592, affirmed (C. C. A.) 295 F. 319. See, also, Graham v. Du Pont, supra. And to the same effect is Regal Drug Corp. v. Wardell, Int. Rev. Col. (this circuit) 273 F. 182. C., B. & Q. R. Co. v. Osborne, 265 U. S. 14, 44 S. Ct. 431, 68 L. Ed. 878, has no application here.

The motion to dismiss is granted.