CLARKSON COAL MINING CO. et al. v.
UNITED MINE WORKERS OF
AMERICA et al.

District Court, S. D. Ohio, E. D. December 17, 1927.

No. 537.

1. Equity ⊜46—To exclude jurisdiction in equity, remedy at law must not only be adequate, but one that may be furnished by same court.

A remedy, at law, to exclude jurisdiction in equity, must be as plain, adequate, and effective as the remedy in equity, and one that may be furnished by the court in which the objection to jurisdiction is raised.

2. Courts ⊜262(2)—Equity jurisdiction of a federal court, having attached, is not limited by remedy open under state procedure.

Where equity jurisdiction has attached in a federal court, it cannot be limited by a remedy open under state procedure.

3. Courts ⊜262(3)—There is no remedy at law in federal court to restore real property to one having right of possession.

There is no remedy at law in federal courts to restore possession of real property from one who holds it without right to the one entitled to possession.

4. Injunction ⊜5—Owners of coal mines held entitled to mandatory injunction for eviction of ex-employees from houses which are part of mining plant.

Complainants, owners and operators of coal mines held entitled to mandatory injunctions to require surrender of possession of dwelling houses built and owned by them as part of their mining plants, and furnished for use of employees only, by defendants, who are no longer employees, but who continue to occupy the houses without right or payment of rent.

In Equity. Suit by the Clarkson Coal Mining Company and others against the United Mine Workers of America and others. On application by complainants for injunctions. Granted, with conditions.

Dustin, McKeehan, Merrick, Arter & Stewart, of Cleveland, Ohio, Tracy, Chapman & Welles, of Toledo, Ohio, and Andrews & Belden, of Cleveland, Ohio, for plaintiffs.

Thomas Rock, of Steubenville, Ohio, Henry Warrum, of Indianapolis, Ind., and Thomas C. Townsend, of Charleston, W. Va., for defendants.

HOUGH, District Judge. Heretofore, upon the bill of complaint of the Clarkson Coal Mining Company, Monroe Coal Company, Atlantic Contracting Company, and others, against the United Mine Workers of America, district No. 6 and subdistrict No. 5 thereof, and various local unions, such various organizations and the personnel thereof being before the court, and notice of hearing having been given to such defendants according to law, and upon the evidence and argument of counsel, a preliminary injunction issued out of the court, enjoining the defendants from interfering with the mining properties of complainants and the operation of the mines owned and controlled by them. The injunction was issued upon the finding that a conspiracy existed among the membership of the union to preclude the complainants in the free use of their properties, and to prevent and hinder the operation of their mines located thereon.

Subsequently the three companies above named filed supplementary bills of complaint praying for the issuance of a mandatory injunction compelling the miners, members of the union and specifically designated by name, to surrender possession of the residence houses situated on said mining properties to the complainants by vacating same. Subpœnas in chancery were issued and served on each of the individual members of the union having possession of the houses, and the case came on for hearing on the application for a mandatory injunction, the taking of testimony was begun, and while in process the joint answer of such individual members of the union was filed, the taking of testimony completed, and the issues submitted to the court upon the pleadings, the evidence, and the argument of counsel.

[1] Considering the admissions made in the answer and in the statement of counsel for the defendants in open court, and the fact that the defendants did not avail themselves of their right and the opportunity to call witnesses and produce evidence, the problem for solution resolves itself into the question contended for by counsel for the defendants, namely, that of the jurisdiction of the court in equity upon the subject-matter, for the claimed reason that there exists an adequate remedy at law. It remains, then, to find by a fair interpretation the facts as the same appear, either conceded or uncontradicted, and

apply the same to the governing principle of law.

Complainant's mines are located in open country, affording no facilities for the housing of employees and their families. To provide such facilities, dwelling houses have been erected at the respective mines and adjacent thereto for the housing of employees of such mines during the term of such employment. The houses were not built for profit, nor for the purpose of entering the field of leasing, but furnished merely an incidental and economic service to the operation of the mines. The houses were part of the general plant layout, and were for the use of employees and none other. The relation of employer and employee was first created, and then the employee became the occupant of one of the houses. The individual became an employee as a prerequisite to dwelling occupancy. His right of possession took effect subsequent to his contract of employment. In practically all instances he entered into a written contract of occupancy. These contracts were in the nature of leases, and provided for termination upon a specified notice in writing, for failure to pay rent, or in case he shall cease his employment, or be discharged. The rent was deducted from his wages.

The defendants here became employees at the respective mines, and became occupiers or tenants of the houses by reason of their contracts of employment. They remained employees until the 31st day of March, 1927, when their contract of employment expired by its terms, and since that time have remained in occupancy of the houses without paying for the use thereof, and because of differences in respect to wages have not renewed the contract of employment, and since that time have ceased to be employees at the mines. Beginning on the 1st day of April, 1927, and thereafter, no relationship of employer and employee has existed, and the right of possession of the dwelling houses has been in the owners, and not in the occupiers.

Subsequent to that time, and as disclosed by the evidence, the mines, save and except Clarkson Coal Mining Company's mine No. 2, are in operation with nonunion employees, and the record shows a need on the part of the owners for the dwelling houses to house present employees and many others necessary for the operation of the mines. In view of the situation, will the equity jurisdiction of this court furnish a remedy, or is there an adequate remedy at law? If there is an adequate remedy at law in this court, then it

23 F.(2d)—14

will be necessary to take heed of the contention of the defendants, and furnish them such a remedy.

The first requirement is that the remedy shall be "adequate." It is said in Boyce's Ex'rs v. Grundy, 3 Pet. 210, 7 L. Ed. 655: "It is not enough that there is a remedy at law; it must be plain and adequate, or, in other words, as practical and as efficient to the ends of justice and its prompt administration as the remedy in equity." And in Sullivan v. Railroad Co., 94 U. S., 806, 24 L. Ed. 324, the court said: "The objection that there is a remedy at law is only available where such remedy is as plain, adequate, and effectual as the remedy in equity." Again, in the case of Walla Walla v. Water Co., 172 U. S. 1, 12, 19 S. Ct. 77, 82 (43 L. Ed. 341), the court again announced: "This court has repeatedly declared in affirmance of the generally accepted proposition that the remedy at law, in order to exclude a concurrent remedy at equity, must be as complete, as practical and as efficient to the ends of justice and its prompt administration, as the remedy in equity."

[2] The corresponding remedy at law must not only of necessity be adequate, but it must also be a remedy that may be furnished "in this court." The principle has many times been announced in the federal courts that the equity jurisdiction cannot be limited or influenced where jurisdiction has therein attached by a remedy open under state procedure. An early announcement was made in the case of Barber v. Barber, 21 How. (62 U. S.) 582, 592, 16 L. Ed. 226, where the court quotes from the case of Boyce's Ex'rs v. Grundy, supra, and says: "It is no objection to equity jurisdiction in the courts of the United States that there is a remedy under the local law. * * *"

In the case of Smyth v. Ames, 169 U. S. 466, 516, 18 S. Ct. 418, 422 (42 L. Ed. 819), Justice Harlan says: "The adequacy or inadequacy of the remedy at law for the protection of the rights of one entitled upon any ground to invoke the powers of a federal court, is not to be conclusively determined by the statutes of the particular state in which suit may be brought. One who is entitled to sue in the federal Circuit Court may invoke its jurisdiction in equity whenever the established principles and rules of equity permit such a suit in that court, and he cannot be deprived of that right by reason of his being allowed to sue at law in a state court on the same cause of action."

In C., B. & Q. R. R. Co., v. Osborne, 265 U. S. 14, 16, 44 S. Ct. 431, 68 L. Ed. 878,

Justice Holmes announced: "But the writ of error of course can be sued out only in the state, and a remedy in the state courts only has been held not to be enough"—citing Smyth v. Ames, supra; Ry. Co. v. McElvain (D. C.) 253 F. 123, 136; Franklin v. Power Co. (C. C. A.) 264 F. 643, 645. And again, in Risty v. C., R. I. & P. Ry. Co., 270 U. S. 378, 388, 46 S. Ct. 236, 240 (70 L. Ed. 641), Justice Stone states the principle as follows: "The remedy by appeal to the state court under section 8469 [Rev. Code S. D. 1919], does not appear to be coextensive with the relief which equity may give. In any event, it is not one which may be availed of at law in the federal courts, and the test of equity jurisdiction in a federal court is the inadequacy of the remedy on the law side of that court, and not the inadequacy of the remedies afforded by the state courts."

[3] We know of none, and there is no remedy at law in the federal court to restore possession of real property from one who holds it without right of possession to the one entitled to possession; nor do we think it can be said that, because jurisdiction in this case in the first instance rested upon diversity of citizenship, it is the duty of this court to follow the procedure provided in the courts of the state of Ohio as the remedy to thus restore possession; that is, the remedy of forcible entry and detention. The federal District Court is one of general jurisdiction. The corresponding court for that jurisdiction in the state of Ohio is the common pleas court. That court has no original jurisdiction in forcible entry and detainer. The remedy is to be sought under the exclusive jurisdiction of the justice of the peace court, and it would hardly be proper or efficacious for this court to adopt that procedure. We conclude, therefore, that the remedy sought comes within the sphere of equity, and that the facts justify the relief prayed for.

[4] The remedy being in equity and purely equitable, it is the duty of the court to do equity. These defendants and their families are now found to be subject to an order in the nature of eviction. Equity demands that such an order be enforced only within a reasonable time. This is the midwinter season, near holiday time, and a most inconvenient and hazardous time for families to break up homes and acquire and take up new abodes. The order may issue against all the defendants, except those living in the dwelling houses at Clarkson mine No. 2, in relation to which the record fails to show any present need for the houses, and will go on the record at this time, but will become operative on the 1st day of April, 1928.